Good morning, your honors, and may it please the court, Brianna Mircheff on behalf of Rodolfo Trujillo. Your honors, the substance of this appeal has to do with whether the district court sufficiently explained its decision not to grant Mr. Trujillo's motion for reduction of sentence. Mr. Trujillo filed a brief making a compelling record showing his exemplary prison record and his ailing health. And in the face of that record, the district court denied the motion based solely on the quantity of drugs involved. As for the other facts Mr. Trujillo presented, the best the government can present to this court is the prefatory statement in the district court's order stating that it had considered the party's pleadings. That's hardly sufficient to demonstrate to this court that the district court's decision rested on pertinent considerations, as this court has required. And for this reason, a revamp is necessary. Now, the government's raised a preliminary issue about whether the district court had jurisdiction to entertain the 3582C2 motion, and so I'll start with that point. The government's argument and the argument of the two circuits that have decided this issue is initially textual. The argument goes that the failure of Congress to include or to specifically allow for a second or an additional 3582 motion means that Congress didn't intend for such motions. But the government starts from the wrong presumption. The statute contains no textual limitation either on time or on number of such motions, and this Court should not presume that any such limitation exists where Congress didn't see fit to add one. The pervasiveness of the limitations in other post-conviction statutes, things like Rule 35 and 2255, should convince this Court that the Court knew how to create such limitations where it wanted to, and its failure to do so is therefore meaningful. Indeed, in these other contexts demonstrate why it's so important that these limitations emanate from Congress rather than from the courts. While Congress certainly has an interest in the finality of sentences, that's not the overriding concern in every – in this context, or it's certainly not the only concern in this context. With habeas petitions, for example, Congress created the limitation that there should only be one 2255 motion. But at the same time, it created exceptions to allow certain meritorious second or successive petitions to go through, those based on changes in the law or changes in fact. It also created an escape hatch that allows certain innocence petitions to go through. It's too simple, then, to say that Congress intended the – that Congress has an interest in the finality of sentences. While it certainly does, there are a number of interests here, and that's why limitations on the number of these type of petitions should come from the Congress and not from the courts. For these reasons, the Court should not read into the – should not read a limitation into the silence of 3582C, even if the Court might believe that such a limitation would be prudent as a policy matter. The government worries that a contrary ruling would open the floodgates, but that fear shouldn't carry the day for a couple of reasons. First of all, I think the Court's or the government's concerns here are somewhat overstated, in that discretionary denials of 3582 motions are relatively rare. I looked through the West's law to look at this Court's decisions in the crack reduction context, and over the course of the last two crack reduction contexts, there was only what I counted was 12 or 13 discretionary denials of 3582C motions. There's not a floodgate of these that are – that would be opened if the Court were to say that the government's rule is wrong. This circuit certainly hasn't been inundated with second or successive 3582C motions. And even Mr. Trujillo, you know, he's been in custody for 20 years. It's not that he's been filing these every six months or every year. He waited until what he thought was a relevant change in the case law, which was the Booker and the Hicks decisions. My question is that the modification seems to be allowed where a defendant has been sentenced to a term of imprisonment based on a sentencing range that has been subsequently lowered by the Sentencing Commission. And here you're bringing this motion based on a change in case law as opposed to a reduction by the Sentencing Commission. I mentioned that. That was his reason for filing the – that was, I think, his motivation, I should say, for filing the second motion. But the change he's asking for is still based on Amendments 505 and 536. It's not based on these changes in Booker or Hicks. You know, that was his motivation for coming back to court and saying, I think you should take another look at that. But he's still basing his – he's still basing, you know, the legal – And the actual reduction? On the – on the amendments that capped the – that changed the drug quantity cap from 42 to 38. And so – but as I say, his motivation for coming back was he thought that Booker and Hicks meant that his case should have a second look. He was wrong ultimately, but that was – that was – he hasn't been filing these every time he gets a new certificate. You know, I've now completed this – you know, he – he waited until he thought there was – was a relevant change that – that deserved the court's attention. And as the government points out, there is a limitation on these. An individual couldn't simply file these every three months. There – or the government would quickly assert the law of the case doctrine, and there would be nothing more to say. For that reason, I think the floodgates problem really isn't – Why is it law of the case after three months and not after a year or not after two years? Well, I think that – Where is it – when does it become law of the case? I think that the government would be able to assert law of the case unless there has been a change in the law or a significant change in the facts. Well, that's a different – significant change in the facts. What about the – makes – someone makes a claim after a year and it's denied, and then he comes back in 10 years and says, I'm 10 years older. I think that's a good enough reason to reconsider. If that were the only fact I see – I see – I'm not talking about whether it should be denied on that basis on the merits, but whether it's borrowed on that basis. I think that would be – I – personally, I don't think that would be a significant enough change. Obviously, the judge would – So you would apply law of the case, then, and bar the judge from reaching the merits? I think that the government could assert that, and if that were the only – Well, whether it's asserted or not doesn't matter. And if that were the – I'm sorry. No, is it a bar? I think if that were the only fact that had changed, there may well be a bar. But that's not Mr. Trujillo's case. Mr. Trujillo waited 12 years. No, I know. I'm trying to find out when – you know, I can see arguments as to the merits that there's not enough of a change. It hasn't been – whatever reason the district court wants to give, which is different from whether the district judge can consider it at all. And you're talking about a legal bar. And what – when does the legal bar disappear? There's not – I mean, this hasn't been fleshed out because this hasn't been raised as an issue. And in this case, indeed, I think the law of the case doctrine is waived. But the term substantial change of the facts leads me to believe that it would have to be something more than that time has passed. There would have to be something about the way he had – you know, as Mr. Trujillo had, the way that he had conducted himself in prison, not only that he hadn't gotten into trouble, but that he had been put in these positions of responsibility, that he had been given those positions in prison, that he had done all this education, that he – and also that he was substantially ill, that he had had open-heart surgery, and thus was unlikely to be a dangerous person to the society. So I guess I don't have a satisfying answer to that, but I think there would have to be more than simply that time had passed. And if the Court will allow, I'll reserve my last minute and 20 seconds. Good morning, Your Honor. May it please the Court, Wendy Woo for the United States. Now, set forth in the government's answering brief, there are numerous reasons why this Court should not consider the merits of defendant's arguments and seeking another consideration, reconsideration of his request for a lower sentence. But there's a fundamental issue here that I'd like to emphasize. Defendant Trujillo has already had two fair opportunities to seek resentencing before two particularly thoughtful district court judges, Judge Byrne, who presided over defendant's trial in 1993. Who was the first one? Judge Byrne. Do you think that we should consider that as a factor, that it was a good district court judge rather than a mediocre one? No. No. Not just by that characterization, but 12 years later, Judge Pragerson, in 2001, had also reviewed defendant's motion, his second motion, under 3582, and also denied or declined to exercise his discretion to lower defendant's sentence. And that's the one we're considering. I'm sorry? We're considering Judge Pragerson's ruling, right? Yes. This is regarding the appeals regarding Judge Pragerson's ruling. Okay. So are you going to talk about the procedural issues or the substantive issues next? I would like to first begin with procedural, because we do believe that there's a jurisdiction bar to the reconsideration of defendant's motion. The only reason why I mention that this was previously reviewed by these two judges in particular is because of the fact that Judge Pragerson did give consideration to defendant's arguments, even though he did not have to because of the jurisdictional issue, he issued a seven-page written decision explaining why he did not have to. Okay. Well, let's say you're going to start with a jurisdictional issue if you think there is one. Sure. The government believes that there are, in terms of jurisdiction, the district court in 2011, after Judge Byrne had made his determination to not modify defendant's sentence, Judge Pragerson did not have jurisdiction to revisit that issue. Why do you base that on? I'm sorry? This is based on the statute itself, which does not provide for this, as well as their precluded. It does not explicitly preclude it, but the statute, 3582 subsections B and C, specifically emphasize that the underlying rule here is finality of judgment, and this is a clear congressional intent. This statute, 3582, is really a – it provides a limited conferral jurisdiction for a court to read – to modify defendant's sentence. And while the defense is arguing that the silence as to the number of modifications the defendant can seek is not explicit, we believe that this silence should be construed against defendant, and this was explicitly addressed by the Fourth Circuit in the Goodwin case. So while the – Did the Goodwin case say that the court didn't have jurisdiction? No, but the Goodwin case went into detail regarding – regarding whether the district court had authority to reconsider – to consider a second motion for a sentencing reduction, and it emphasized – it actually specifically considered the defendant's argument, which is similar to Trujillo's, that defendants should benefit from the statute's silence, and the court – the court held that that's really not the case because that would permit unlimited motions as defendant – not unlimited, but it would permit multiple, if not unlimited, motions to be filed by the defendant over time. Do you agree that if Congress were to reduce the offense level again for crack cocaine, that he would be precluded from bringing another motion? No. And this is – and this is where the jurisdiction issue is – is a particular import here. 3582c2 provides the – would allow the defendant to be eligible for another chance at modification if there has been – if there is a retroactive amendment under the sentencing guidelines that lowered defendant's – lowered defendant's guideline range. And in the intervening years between Judge Byrne and Judge Perkins' decision, that has not happened. The change that the defendant is seeking to – is arguing to the court that he should benefit from is basically the change in personal circumstances, that he has been a model citizen while in prison. He has earned numerous certificates. He appears to have been working on rehabilitating himself. There's been no change in law. He's done really well in these years in prison. But the section explicitly references the 3553a factors. And what he's saying is that those factors should be applied differently now. Based on the prior reduction, those factors should be looked at through that prism And I guess his big objection is that Judge Perkins didn't address two of his non-frivolous asserted arguments under 3553a. The government believes that while his written decision was not detailed on this point, he did begin by saying – Judge Perkins did begin his order by saying that he did consider the party sentencing positions. And certainly – Do you think that's sufficient in every case? Because, I mean, that's standard language that district court judges, myself having been one, just throw in there. That doesn't really specifically cover the 3553 points. It's not covered in detail, but we believe that that is sufficient for this purpose. Especially in light of the fact that Judge Perkins did not even have to review – didn't even have to go that far. But he did. And there's no reason – What do you mean he didn't have to go that far? I'm sorry? What do you mean he didn't have to go that far? It goes back to the jurisdiction issue. All right. Let's assume that you don't prevail on the jurisdiction issue. Then looking at the decision itself, looking at the 2011 denial of defendants motion itself, we do believe that his explicit statement that he reviewed the party's sentencing positions, especially where these issues, the 3553 factors, as well as the post facto arguments, were briefed in detail by both parties. There's no reason to – there's no reason to believe that Judge Perkerson ignored those arguments. And what would you think any district judge would say anything other than that he's read the briefs? There certainly could be judges who provide more detail as to their reasons for denying the briefs. No, no. I said would any – would provide less detail. Would any judge not read the briefs? Or say he read the briefs and considered all the factors? I guess anything that's possible. There could be judges who would be even more succinct on this point. But here, because the judge did explicitly state that he reviewed the party's positions, and knowing how extensively these issues were briefed by both parties, we believe that the judge did consider the briefs. But when – the standard is, in Stadaro, it says that the – when a party raises a specific non-frivolous argument, the judge should normally explain why he accepts or rejects the party's position. Now, there are two ways you could discuss Stadaro. You could say this is not a normal case, or you could say it's enough to explain why he accepts or rejects by saying, well, I read the briefs. I'm not sure which your argument is. We don't believe that this is an extraordinary case. We do believe that – It doesn't say an extraordinary case. Or it's an unusual case. We do believe – Or it doesn't say it's unusual. It says normally you should do it. It's only if it were not a normal case. Sure. But also, the sentencing court can also look to the record as a whole, including the PSR, including the party's sentencing arguments, to – or actually, this court can actually look to the record as a whole, as we're asking the Court to do here, including the statements made by the sentencing judge to infer the court's – the judge Pergerson's justification. And again, there's – given how – I'm not quarreling at the moment with his decision. I'm asking you about the question of whether he explained his reasons. He did not explain in detail, but we do believe that what he did say – Well, what about not in detail? Did he explain his reasons? He explained his reasons to the extent that he considered the seriousness of defendant's conduct as tied to the amount of drugs he was involved in trafficking. That was something that caught – and here, I would just note that defendants that this – the underlying criminal case involved a conspiracy involving the defendant to bring in more than 2,900 kilograms of cocaine. That is an astronomical amount that caught both judges' attentions in the lower court. And so here, it also was a great concern to Judge Pergerson. It is the issue that he did expound upon in his sentencing – in his sentencing   And he did not explain the seriousness of the crime in order – and that is certainly part of the 3553a factors – and he believed that that was a serious concern, and he was not required to explicitly reject every other argument raised by defendant. Well, that's – We don't believe that case, sir. So, your argument is – I just want to get – because it's – when a – you meet the standard of when a party raises a specific non-frivolous argument in support of a sentence, the judge should normally explain why he accepts or rejects the party's position. Your view is that you don't have to discuss those arguments if there's another reason that you – that the nature of the crime. No. No. Not exactly. We believe that the judge – obviously, the judge, the sentencing judge does have to consider all 3553 factors. No, I'm not talking about considering. I mean explaining. But he does not have to explain his reasons for rejecting each factor. And here, Judge Pregerson very summarily, very briefly stated that he did consider the party's arguments, but in his detailed written decision, he emphasized the seriousness defendants – the seriousness of the defendants' conduct. My question was whether he has to explain why he rejects their arguments and whether it's enough to say I'm going to take this position because of the seriousness of the crime. We believe that is sufficient. The sentencing court is not required to explicitly reject each of the defense's arguments. And certainly – He's not saying reject. I'm saying discuss. He's not – he's also not required to discuss in detail. Well, not in detail. Is he required to explain anything about those arguments? But the judge is not – the sentencing judge is not required to tick off everything on the list of issues raised by the defense under 3553a. That's never been a requirement. Yeah, but both – I mean, that's not a requirement. But both Rita and Carty suggest that where there's a specific non-frivolous argument made by the defendant, the judge should discuss it, should discuss his reason for rejecting it. And that wasn't done here with two of his arguments. No, that was not done here. That may have made for an even better record. That was not done here. We do believe that the record is sufficient for this purpose in considering this is a successive 3582 motion by the defendant. Certainly, that was not the reason for, I think, this jurisdictional issue. I think if Congress had wanted to bar successive motions, it would have done something like it did with respect to habeas petitions. Well, under 3582, while Congress did not provide an explicit bar, it did specify – it did not provide – it didn't specify any motions the defendant can bring under 3582, but it does specify the circumstances under which a defendant can file or seek modification of his sentence. And here, the circumstances do not apply to the defendant. There has not been a change or a retroactive change in the – in a guideline amendment that applied to him after Judge Byrne issued his denial. What he – what has changed is his behavior in prison, his exemplary record. But that's not a ground for seeking a third review of his sentence. You're – this seems to be just coming out of whole clock, because what the statute actually says is if there's this change. It doesn't say – and there was a change. There was a change. You can't dispute that there was a change and that now the application of the Section 3553 factors has also changed. And there's nothing that says that once those factors change, you, you know, you have to meet some other bar. I think he has – you know, so what I think is he has the jurisdiction. It's a question of applying 3553 factors, and that's what we should be looking at. I would point out that it's – 3582c2 doesn't refer to any change in the law. It's very specific that the change has to be with respect to – And that was done. That was done. It doesn't say that there has to be a further change before you can bring the motion again. That was done in – yes. The Amendment 505 was enacted in, I believe, 1990 – in 1994. And that was considered by Judge Byrne in his decision in 1998. Since then, there has not been – Did the government argue, like, argue law of the case to preclude this argument? Yes. We do believe that the law of the case does bar – Did you argue it below? I'm sorry? Did you argue it below? No, we did not argue that below. So haven't you waived it? We actually do not believe that that's been waived, but – Well, if you didn't argue it below, you've waived it. You can't raise it for the first time on appeal. The bottom line is, whether the law of the case doctrine was waived or applied here, we actually believe in the totality of this appeal. So it really doesn't matter, because under de novo review, the Court can affirm on any ground. And we do believe that the law of the – the law of the case doctrine – the question as to – Is this de novo review, or is this abusive discretion? The – well, I guess, to the extent that – Do you want to argue it's abusive discretion, not de novo? I'm sorry? Wouldn't the government want to argue that this is an abusive discretion? Well, to the extent that this is still a jurisdictional issue, that the standard review is de novo, but certainly with respect to the district court's reasoning for rejecting the defendant's modification request, that is subject to abusive discretion. You seem to be moving all over the place on this argument. Well, we believe that there are several arguments that apply. To begin with, the jurisdictional argument, which is also supported by very strong policy arguments in this respect, because we don't – what we should avoid is having a defendant continually seek modifications throughout the time they're in prison under 3582 when there's been no change, not just – well, here there's been no amendment, no retroactive amendment that is applicable to the defendant. But to go with the defendant's position, there is the concern that there would not be finality in judgment, which is a concern by Congress. And it is a clear congressional intent that the sentencing system should be determinate, and there should be very limited reasons and circumstances under which a defendant can seek modification of his – of his sentence. So I would emphasize that this is a jurisdictional argument to begin with, and that that is subject to de novo review. But to get into – I can't. We're almost double the time. Oh, I'm sorry. It's not your fault. We've been asking you questions. You haven't been going off on your own. So I think you're out of time. Yes. Thank you. Thank you. And unless the Court has specific questions, I'll submit the rest of my time as well. Oh, how refreshing. Thank you. Case just argued will be submitted.
judges: Canby, Reinhardt, Wardlaw